Plaintiff brought this suit for the recovery of damages resulting from the death of her husband in a collision between the truck in which decedent was riding and a road grading "patrol" of the Louisiana Highway Commission. The suit was brought under authority granted by Act No. 353 of 1940, under the terms of which plaintiff was authorized to file suit against the State of Louisiana through the Louisiana Highway Commission. Under the provisions of Act No. 47 of 1940 the Louisiana Department of Highways became the successor of the Louisiana Highway Commission, and, accordingly, the suit is prosecuted against the said named department.
From a judgment in favor of plaintiff, defendant brings this appeal.
About the hour of 2 o'clock in the afternoon of February 5, 1940, the decedent, I.M. Cox, accompanied by two negro employees, was riding in a 1936 model Chevrolet truck driven by one of his negro employees, Curtis Dumas. The truck was proceeding west along the gravel state highway known as the Springhill-Shongaloo road, when it collided with a highway grading "patrol" which was moving in the opposite direction. The accident occurred at a point some two miles or more west of Springhill, at which point a sharp curve in the road obstructed the view from either direction. Decedent's truck, topping a slight rise in the road, was being driven at a speed of about thirty-five miles per hour, down-grade, on the inside of the curve, on its own side of the highway, when it met the grading machines comprising the "patrol", which machines were moving upgrade in an opposite direction at a speed of some two to five miles per hour. The driver of the truck failed in the attempt to pass between the grading machinery on his left and an embankment on the extreme right of the road, for reasons which are hereafter analyzed in detail. The grading machinery was struck by the left front wheel of the truck which overturned several times, decedent being thrown therefrom and almost instantly killed.
The highway "patrol" consisted of a motor grader pushing a twelve-foot blade and pulling another grader equipped with a similar blade. The two grading machines were echeloned, the blades being set at a slight angle and over-lapping to the extent of some two feet at or about the center of the road. The blade of the first machine was affixed to a twelve-foot mold board, and the blade of the second machine to a ten-foot mold board, both blades being six to eight inches in width. The purpose of this arrangement is obvious, being designed to evenly distribute, by the blading or scraping process, the gravel on the road between the point represented by the extreme right of the blade of the first machine and the extreme left of the blade on the second machine, it being apparent that the operation was designed and carried out in such manner as to effect the scraping of practically the entire width of the road at one and the same time.
The scraper blades described extended well outside of the respective machines to which they were attached. The blade of the grader in the rear was obscured from view by the flow of gravel which it was scraping and moving at an angle to its left, leaving at the extreme left end of the blade a small mound of gravel along the road.
The collision occurred at or about the exact center of the curve. There is some testimony to the effect that there was a red flag, extending out over the blade, attached to the cab of the rear machine, but, for reasons which become obvious in the course of this opinion, this character of warning, under the circumstances surrounding the accident, was entirely futile.
[1] Several exceptions, one of which has heretofore been before this Court for disposition, were filed on behalf of defendant, but, since none are urged on this appeal, the same are regarded as having been abandoned, and we proceed to dispose of the matter on its merits. *Page 826 
Counsel for defendant have specified twelve grounds of error directed at the judgment of the district Court and its reasons therefor. Summarizing these specifications, defendant complains that the district Court was in error in holding:
That there was not sufficient room between the roadworking equipment and the side of the road to permit the passage of a vehicle proceeding in an opposite direction; that the roadworking equipment should not occupy parts of both sides of a road at one and the same time; that the Highway Commission, because of the acts of its employees, was guilty of negligence; that such negligence was a proximate cause of the collision; and that such negligence was the sole proximate cause of the collision. Further, defendant urges that the district Court erred in not holding that decedent's servant truck driver was guilty of negligence in driving at an excessive rate of speed around a sharp curve, where his view was obstructed; that such negligence was the sole proximate cause of the collision, or a proximate cause of the collision; that the decedent was guilty of negligence in failing to protest the manner in which his servant was driving, and that such negligence was a proximate cause of his death.
Thorough study and analysis of the record convinces us that all the above objections may be resolved by a determination as to whether or not the employees of the defendant, in charge of the roadworking equipment, were guilty of negligence, and, if so, whether such negligence was a proximate cause, or the sole proximate cause of the accident. In the consideration of this point, it is, of course, necessary to determine whether the employee of the decedent, or the decedent himself, was guilty of such degree of negligence as to constitute either a proximate cause or the sole proximate cause of the accident.
[2] Able counsel for defendant has earnestly contended, in oral argument as well as in brief, that plaintiff was bound by strict adherence to the specific acts of negligence set forth in its petition, and should not be permitted to recover on the basis of any facts of negligence not so alleged. While this contention might be entitled to serious consideration under other circumstances, in our opinion, the specific allegations of negligence embodied in plaintiff's petition are more than sufficient in the instant case to serve as the basis for recovery. Reference to the petition shows that plaintiff has alleged negligence, "among other things", on the part of the employees of the Commission in operating the roadworking equipment on both sides of the highway at the same time; in failing to keep a proper lookout, and to observe and heed traffic conditions, and in operating the road equipment on the wrong side of the road.
It is true that plaintiff's petition assigned, as one of the elements of negligence, the alleged fact to the effect that the equipment was swerved into the wheels of the truck, and it is further true that this allegation was not borne out by the facts adduced on trial, but we do not find that this has any material bearing upon the conclusions reached.
[3] Failure of plaintiff to prove one of several alleged acts of negligence does not relieve a defendant of the necessity of overcoming those acts of negligence which are alleged and proved.
[4] Reasonable discrepancies and variations as between allegations and proof must be expected, and the rule against admitting testimony which tends to broaden the pleadings, accordingly, must be somewhat liberally construed.
In the instant case, the facts are such as in themselves evidence the immateriality of this particular contention on the part of defendant.
The testimony of eye witnesses to the accident is unusually free from the usual differences and contradictions, and, except in one or two instances, there is no conflict. For these reasons, it is possible to clearly picture the scene and circumstances of the accident, the material facts of which we recapitulate, as follows:
In a sharp curve of a gravel road, twenty-six feet in width, grading machines using bladed scrapers which covered almost the entire width of the road, with the exception of some two or three feet on the north *Page 827 
side, were proceeding up a slight grade, at a slow rate of speed, in an easterly direction, when suddenly a 1936 model Chevrolet truck, traveling west at a speed of about thirty-five miles per hour, topped the grade and came into view of the grading machinery at a distance of some 30 to 40 feet. The driver of the truck, in an attempt to clear the grading machinery, pulled his vehicle as far to the right as possible, actually scraping an embankment at the side of a shallow ditch on the extreme north side of the road. Unable to bring the truck to a stop, because of the fact that only some thirty feet separated the truck and the grading machinery at the time, the driver of the truck took the only possible course, in the attempt to avoid a collision, but his attempt was unsuccessfuldue to the fact that there was not sufficient space between theend of the scraping blade attached to the rear grader and theembankment to permit clearance of the truck. The left front wheel of the truck struck the blade of the grader, throwing the truck into the machine. As the result of this impact the truck overturned and the decedent was thrown from the vehicle.
The only points in the above recital of facts on which there is reflected any doubt by the testimony of any witness is with respect to the extent of roadway on the north side of the road which was unoccupied by the grading apparatus at the time. It is contended by the defendant that there was sufficient room to allow the passage of the truck. It suffices to say that this claim is not borne out by the testimony. On the contrary, the overwhelming preponderance of the testimony definitely and conclusively establishes the fact that the roadworking machinery was actually obstructing the entire width of the road with the exception of some two or three feet on the extreme north side thereof. The testimony of witnesses who were in a truck following the roadworking machinery is definite and emphatic on this point, and, as a matter of fact, they testified that they had been following the machinery for some little distance, unable to pass because there was not sufficient room to permit such a maneuver.
Under the facts it is unimportant whether or not the blade of the rear machine was concealed from view by gravel, since the district Judge found, in which finding we heartily concur, that the road was obstructed to such extent as to prevent clearance.
[5] In our opinion, the acts of defendant's employees in charge of the particular operation constituted gross and inexcusable negligence. It matters not whether one or a dozen red warning flags were affixed to the machinery, since the facts show clearly that neither the machinery nor the signal flags could have been seen by an approaching vehicle in time to avoid the accident. If this type of operation was necessary in the process of working the road in question, then precautions commensurate with the danger involved should have been taken for the protection of travelers on the highway, and men at proper distances, both in front and in rear of the apparatus, should have been stationed for the purpose of flagging down and warning traffic on the road. The failure to take unusual precautions under circumstances involving unusual danger furnishes an additional ground for sustaining the charge of negligence against the defendant herein.
[6, 7] But, it is claimed by the defendant that the driver of the truck, in which the decedent was a passenger, was guilty of negligence in driving his truck at an excessive rate of speed around a blind curve, and that such negligence was a proximate cause, if not the sole proximate cause, of the accident. The facts do not sustain this claim. A speed of 35 miles per hour was neither unlawful nor excessive under the circumstances. The driver of the truck had no reason to anticipate, nor could he have been charged with any legal obligation of anticipating, the practical blocking of the entire roadway by highway machines working the road.
In support of the contention of negligence by the driver of the truck, counsel has cited the case of Russo v. Aucoin et al., La. App., 7 So.2d 744, as authority for the rule, which he urges should be applied in the instant case, to the effect that it is negligence to drive a motor vehicle at a greater rate of speed than is prudent under the circumstances. We unreservedly agree with this statement of the general rule, but do *Page 828 
not find that it is applicable to the facts and circumstances under consideration in the case before us. Reference to the opinion in the Russo case, which opinion, by the way, was written by distinguished counsel for defendant while serving as judge ad hoc on the bench of the Court of Appeal of the First Circuit, shows that the brakes of the Aucoin automobile were so defective as to amount to no brakes at all, and that the car with which said automobile collided came into view at a distance of some three to four hundred feet. These facts alone would serve to definitely distinguish the cited case from the one at bar.
The facts in the instant case abundantly justify our conclusion to the effect that the gross negligence of defendant's employees, in almost completely obstructing the highway with the roadworking machinery under their control, was not only a proximate cause, but, in this instance, the sole proximate cause of the accident.
The judgment of the district Court allowed plaintiff the sum of $5,000, and, since neither party has complained of the fixing of said sum, the quantum of damages is not an issue on this appeal.
For the reasons assigned, the judgment appealed from is affirmed.
McINNIS, J., recused.