55 So.2d 307 (1951)
TAYLOR et al.
v.
FIDELITY & CASUALTY CO. OF NEW YORK.
No. 7716.
Court of Appeal of Louisiana, Second Circuit.
November 30, 1951.
Rehearing Denied December 15, 1951.
Hudson, Potts, Bernstein & Davenport, Monroe, for appellant.
W. T. Holloway, Jonesboro, for appellees.
*308 HARDY, Judge.
This is an action by B. S. Taylor and his insurance carrier, Motors Insurance Corporation, as plaintiffs, seeking recovery of damages for personal injuries and damage to Taylor's automobile sustained in a collision allegedly resulting from the negligence of the driver of a truck owned by J. O. (Red) Willett. The defendant is the Fidelity & Casualty Company of New York, insurance carrier for the said Willett.
On trial of the case counsel for defendat interposed an oral exception of no right or cause of action, and in connection therewith objected to any testimony in support of the demands of Motors Insurance Corporation against the defendant on the ground that the said plaintiff had no right or cause of direct action against this defendant. Though the testimony was admitted subject to the objection, the Judge of the District Court sustained the objection after trial and dismissed the demands of Motors Insurance Corporation as of nonsuit. No appeal having been taken from this judgment by the plaintiff, Motors Insurance Corporation, this question has passed out of the case and is not before us for determination.
After trial on the merits there was judgment in favor of plaintiff, B. S. Taylor, in the sum of $1,993.75 with interest and costs, from which judgment defendant has appealed. Plaintiff has answered the appeal praying an increase in the judgment to the sum of $5,000.
The accident which is the basis for this suit occurred on Sunday, May 21, 1950, at about 12:30 p. m. at a point on Louisiana State Highway No. 13 in Jackson Parish, Louisiana, between the towns of Jonesboro and Chatham. Plaintiff, Taylor, driving his Buick sedan west on the said highway at a speed of some 50 to 55 miles per hour, accompanied by a friend, A. D. Lee, was en route to Jonesboro. As Taylor reached the crest of a hill, after having negotiated a slight curve, he was confronted with an emergency which arose from the fact that a large tractor and trailer unit, some 40 to 45 feet in length, substantially blocked the highway at a point some 160 feet more or less distant. The unit was owned by J. O. Willett and driven by one of his employees. At the time it was engaged in hauling pipe, had discharged its load and was returning empty. It was being driven out of a dirt road leading into the highway from the south and being turned to the east, the direction from which Taylor's car was approaching. By reason of the length of the truck it was necessary for the driver to proceed almost to the extreme northern edge of the highway, which was shown to be 18 or 19 feet in width, in order to make his turn. Although there is some conflict in the testimony on this point, we think it is established that at the time Taylor topped the crest of the hill the Willett truck almost completely blocked the entire highway and certainly to such extent that there was not sufficient room for Taylor to remain on the highway and safely pass the truck. The shoulder of the highway at this point was approximately seven feet in width on the north side thereof. Observing the truck Taylor immediately applied his brakes, realized that he could not bring his vehicle to a stop and thereupon turned it to the right upon the shoulder of the road. This maneuver enabled Taylor to avoid a collision with the Willett truck, but, unfortunately, he crashed into another truck which was parked upon the shoulder of the road a short distance beyond the turning truck. It was this collision with the third vehicle that caused the damage for which plaintiff seeks recovery.
Plaintiff contends that the negligence of the driver of the Willett trucking unit in blocking the highway in front of westbound traffic, without any warning signals, devices or other precautionary measures, constituted gross negligence which was the sole proximate cause of the accident. By way of defense it is asserted that Taylor was guilty of contributory negligence in that he was ascending a blind hill at an excessive rate of speed, was not keeping a proper lookout and failed to have the car under control.
There is comparatively little conflict in the testimony and the only serious differences *309 developed on trial were with respect to the position of the trucking unit, the distance from the top of the hill to the point where the truck was making its turn, and the point at which traffic approaching from the east could or should haveseen the truck. The District Judge, in a wellreasoned opinion, assigned written reasons for his findings and our study of the record fails to disclose any manifest error.
We think there is no room for question as to the conclusion that the driver of the Willett truck was guilty of negligence, and, indeed, no contention is made on this point by learned counsel for defendant in brief before this Court. Counsel very correctly concedes that the case must turn upon the question of contributory negligence. It is argued in support of this defense that it is negligence (1) to drive a car at such speed that it cannot be brought to a stop within the range of vision of the driver when his vision is cut off by the crest of a hill, and (2) to fail to see what could and should have been seen.
In connection with the above points it is urged on behalf of defendant that plaintiff, Taylor, was driving at an excessive and reckless rate of speed. In particular support of this proposition it is emphasized that the report of the State Trooper who investigated the accident after its occurrence, which report was admitted in evidence by agreement the Trooper being unavailable for testimony, shows that the skidmarks of the Taylor car were visible for 138 feet. This is held out to be indicative of the fact that the speed of Taylor's car prevented him from bringing his vehicle to a stop within this distance. We do not think the report can be so interpreted because it specifically states that these skidmarks were visible for a distance of approximately 138 feet on the shoulder of the highway. This does not justify the conclusion that the marks were caused by the application of brakes. The testimony of both Taylor and Lee, his companion, is to the effect that Taylor applied then released the brakes and attempted to avoid the collision by taking to the shoulder of the highway. It is entirely understandable that this maneuver could have caused the car to skid and certainly it does not follow that the marks resulted from the application of brakes. In any event the clear preponderance of the testimony as to speed lies with the plaintiff. It is true that Willett's truck driver testified that Taylor was traveling at a speed of 70 miles per hour or more, but when analyzed in the light of all of the testimony of this witness, we are convinced that this statement is entitled to little weight, since admittedly the truck driver did not have either time or opportunity to make an accurate estimate.
The most serious charge of negligence, and the one which is most strenuously urged, is that Taylor could and should have observed the truck even before he reached the crest of the hill at a distance of some 278 feet. This contention is predicated upon the result of observations made and testified by witnesses for the defendant. In making the experiment and observation one of the witnesses drove his car up the hill from the east to a point where he could see another witness, who was five feet ten inches in height, standing on the highway at approximately the point which was occupied by the cab of the Willett truck at the time of the accident. Stopping at this point the distance was measured and found to be 278 feet. It is argued that this justifies the conclusion that Taylor could have seen the cab of the truck some 100 feet, more or less, before he reached the top of the hill and, accordingly, should have brought his car under such control as to bring it to a stop.
We have serious question as to the efficacy of the experiment described. It must be borne in mind that the driver of the car making this observation was keenly conscious of the purpose thereof and as a result must have looked for a particular object at a particular point. Further it must be considered that the Willett truck was in motion at the time and, accordingly, would not have given the impression of a stationary object which blocked plaintiff's lane of travel on the highway at the time he was approaching the crest of the hill. For these reasons we are of the opinion that this evidence is not sufficient in itself to *310 sustain the conclusion that Taylor's failure to see the truck before reaching the crest of the hill constituted negligence. This opinion is substantiated by the testimony of other witnesses who had driven the highway at a time when trucks were engaged in a similar operation and who had narrowly escaped collision because they could not see the trucks beyond the crest of the hill.
This leaves for our consideration a question of law, zealously urged on behalf of the defendant, bearing upon the degree of care which rests upon the drivers of vehicles on our highways in instances where the vision of the road ahead is blocked by hills or curves.
It is argued that a driver approaching a blind hill or curve is under the compulsion to travel only at a speed which would permit him to bring his vehicle to a stop at a point where he can see beyond the crest of the hill or around the curve upon observing any nature of obstruction. The analogy is drawn between these highway conditions and those obstructions of the view resulting from fog, smoke or dust, which obscure the vision of drivers of vehicles upon the highways.
A number of authorities have been cited by industrious counsel for both parties, which authorities we have carefully examined and, as a result, we are free to concede that support for the point which is urged may be drawn from some of the expressions used by our courts in a number of cases. However, we are impressed with the oft-reiterated pronouncement to the effect that each case involving this question must be determined upon the basis of the peculiar facts existing therein and this we think to be the only absolute and unyielding rule which can be applied.
As a matter of common experience the application of the principle contended would impose the obligation upon the driver of every vehicle upon our highways to negotiate hills and curves so slowly as to impede the flow of traffic beyond all reason. We are all familiar with the usual caution stripes which warn motorists against attempting to pass other vehicles on approaches to hills and curves where the view is impeded, but these precautionary measures do not require a motorist to bring his speed below the legal and permissible limit. It has many times been stated that a motorist has the right to assume that his proper lane of traffic will be clear and unobstructed by traffic approaching from the opposite direction even in those instances where his vision is impaired by natural obstacles.
We particularly point out that in the instant case no factors of fog, smoke or dust enter into contemplation. The gross negligence of the truck driver in blocking a main traveled highway at a point where simple observation could have disclosed the danger of such action, without taking any precaution by way of any kind of signal, which would have warned approaching traffic of the danger, was unquestionably the proximate cause of the accident. In view of our finding that the plaintiff, Taylor, was not guilty of contributory negligence it follows that the negligence of the truck driver was the sole cause of the accident.
The case which, under the facts developed, most nearly approaches the one here under consideration, which case was cited by the District Judge, is that of Cox v. Louisiana Department of Highways, La.App., 25 So.2d 824, 827. In the cited case we made the following statement, inter alia, which is particularly appropriate: "The driver of the truck had no reason to anticipate, nor could he have been charged with any legal obligation of anticipating, the practical blocking of the entire roadway * * *."
The only question that remains for consideration is with respect to the quantum of damages. The judgment of the District Court rejected the claims of plaintiff for damages to his automobile and dismissed same as of nonsuit, reserving the right of plaintiff, Taylor, his insurer, or both, to institute another action for the recovery of such damages. This action was supported on the ground that the damages constituted a single obligation and claim for which no debtor is bound to make restitution by portions. Hanton v. New Orleans & C. R. Light & Power Co., 124 La. 562, 50 So. 544; Miller v. Brigot, 8 La. *311 533; Salter v. Walsworth, La.App., 167 So. 494. We think the ruling is correct.
The judgment of the District Court was made up by the allowance of the following items:

$1,500.00 for personal injuries
 280.00 for loss of wages computed
 at $35.00 per week for
 a period of 8 weeks
 105.75 for compensation of the
 sum paid by plaintiff for
 damages caused to the
 truck with which his vehicle
 collided
 60.50 for hospital services
 20.00 for doctor's bill
 27.50 for cost of x-rays

We think the only item which is open to question is the allowance of $1,500 for personal injuries. The usual conflict in medical testimony leaves some doubt as to the nature and extent of Taylor's injuries, but we are most impressed, as was the District Judge, with the testimony of plaintiff's family physician, who attended him after the accident and who had the best opportunity for observation of the injuries and the effects thereof. The doctor found that Taylor suffered a moderate cardiac contusion, a contusion of the chest wall, contusions and possible sprain of the left wrist and right thigh. The doctor further testified there was the possibility that Taylor might have sustained a ruptured intervertebral disc of a temporary nature.
Taylor was unable to work for a period of some two months and unquestionably suffered some pain following this period, which pain and discomfort had persisted up to the time of trial, some seven months after the accident. Fortunately, there seemed to be no evidence of any permanent disability. After consideration we cannot see that the allowance of $1,500 made by the District Judge was either inadequate or excessive.
For the reasons assigned the judgment from which appealed is affirmed at appellant's cost.
KENNON, J., not participating.