McINNIS, Judge.
This is a suit by Hilton E. Reynolds for $8,715.34 for personal injuries, loss of wages, doctor and hospital bills and damage to automobile not covered by insurance, and by Traveler’s Fire Insurance Company for $719.50, the amount it paid its insured, Reynolds, for damage to his automobile, against J. Rush Wimberly, Jr., dba Wimberly Construction Co., and his public liability insurer, Home Indemnity Co., and Glen Dayton Nixon, the driver of the track belonging to Wimberly which was involved in a collision with a 1950 Ford coach belonging to Reynolds.
In original 'petition plaintiffs allege that about 3:00 o’clock P.M. April 1, 1950 plaintiff Reynolds was. driving his 1950 Ford coach in a westerly direction along the Hunt Oil Co. road near the town of Lisbon, and at the same time the defendant Glen Dayton Nixon was driving a 1949 one and one-half ton dump truck of Wim-berly Construction Co. in an easterly direction along the same road, approaching the same point, which is near the intersection of the road with the driveway to the home of W. J. Green; that as the road approaches the driveway from the west it makes a rather sharp turn in a northerly direction and proceeds up a hill; the road at this point is about 19 feet wide with two unmarked traffic lanes, an'd on the day of *543 the accident the weather was clear, visibility good and surface of the road was dry; that as plaintiff Reynolds approached the curve he was driving not over 40 miles an hour, in a careful manner and keeping a proper lookout, and had his vehicle under control; that on the other hand Nixon was driving at an unlawful, excessive speed of more than 40 miles an hour in a careless and reckless manner, and on his left-hand side, and the inside of the curve, and as the two vehicles rounded the 'curve, going in opposite directions, the left front part of the truck driven Iby Nixon collided with the center and left front part of the Ford coach, seriously injuring Reynolds about the chest an!d shoulder and causing numerous contusions and lacerations; that at the point of impact the truck was over the center line of the road and in the traffic lane of the Ford, and the accident was caused solely 'by the negligence of Nixon.
It is further alleged that as a result of the accident Reynolds suffered injuries consisting of laceration of the forehead, laceration of the left wrist, laceration of both knees, crushing injury to chest and shoulder, shock and mental pain and anguish and severe concussion of the 'brain, was confined to Homer Hospital six days, in severe pain and further prevented from returning to work for 24 days, and continues to suffer pain, and itemizes his damages as follows:
Pain, suffering and shock $2,500.00
Lacerations and scars on knees 500.00
Lacerations and scars on forehead 100.00
Lacerations and scars on left wrist 150.00
Possible permanent injuries to -chest 3,000.00
Concussion of the brain and possible permanent injury 1,500.00
Numerous contusions and abrasions 500.00
Loss of wages 236.64
Doctor’s bills 50.00
Hospital bill 113.20
Damage to automobile not covered by insurance 65.50
Total $8,715.34
Plaintiff Traveler’s Fire Insurance Co. claims $719.50 by virtue of subrogation from Reynolds for the amount it paid him for damage to his automobile.
Answering a plea of vagueness plaintiffs say that Reynolds gave no warning before entering the curve, but slowed down and pulled to ¡his extreme right side of the road that vision of approaching vehicles is obscured by an embankment on the inside o-f the curve, and when he saw the truck he was only thirty or forty feet from it, at which time the truck was on its left side of the road, and the left front wheel was six feet to the left of the center of the road; that the Ford coach was worth $1,935, the cost of it, and had been driven only 1500 miles; that to minimize damages he traded the wrecked vehicle in on a new 1950 Ford, same model, paying $785 difference, and the insurance company paid $719.50, leaving a loss to him of $65.50.
The answer of defendants admits that Nixon was driving the Wimberly truck in the course and scope of his employment, and admits the existence of the obscuring embankment at the curve, and denies generally the other allegations of the petition, and alleging Nixon’s freedom from negligence, charges negligence to Reynolds in the following particulars: Driving too fast at this point, knowing it was a blind curve; failing to keep a proper lookout and not slowing down for the curve; not keeping his car under control; entering a curve at such speed as to cause him to swing wide to his wrong side of the road; traveling on the. wrong side of the road.
Wimberly alleges damages to the truck in the amount of $74.06 for which he asks for judgment as plaintiff in reconvention.
In the alternative and only in the event Nixon is held guilty of any negligence, that Reynolds was also guilty of negligence as above set forth, which bars recovery.
After trial on the merits there was judgment against the defendants in solido in favor of plaintiff Traveler’s Fire Insurance Co. in the amount of $719.50, and in favor of plaintiff Reynolds in the amount of $1,714.53. No written reasons for judgment were assigned, but the decree itemized the award to Reynolds as follows:
*544 Damage to automobile not covered by insurance $ 64.69
Loss of time at work 236.64
Hospital and medical expense 163.20
For personal injuries 1,250.00
Total $1,714.53
The defendants prosecute a suspensive appeal from the judgment, and plaintiff Reynolds answered the appeal, asking that the award to him for personal injuries be increased to $7,750.
At the outset of tíre trial it was stipulated that Home Indemnity Co. had the truck covered with liability insurance limited to $50,000 for one person and $100,000 for two or more, and $5,000 for property damage.
Some effort was made to show that Reynolds was under the influence of intoxicating liquor. He admitted he drank one can of beer about 12:30 P.M. when he had lunch at his father-in-law’s home. Some of the witnesses say they smelled alcohol on his breath, particularly the witness Per-ritt who carried him to the hospital and Davis who saw him at the hospital some two hours after the accident. Dr. Gladney who attended him when he got to the hospital around 3:30 P.M. has no recollection of smelling alcohol on him. We do not consider that any charge of intoxication has been made out.
 The only two eyewitnesses to the accident are plaintiff Reynolds and defendant Nixon. The greater part of the 281 pages of oral testimony is from witnesses who arrived at the scene after the accident, and is conflicting in many respects, apparently colored according to which side they testified on. From this maze of conflicting testimony we readily reach the conclusion that the negligence of the truck driver, Nixon, was the proximate cause of the collision and resulting damage. In fact his own testimony, though contradictory at times, convicts himx of driving on the wrong side, or as he says, in the center of the road when he saw the Ford coach only 50 feet away from him. There is a general inclination to take the inside of a curve such as this one, and apparently Nixon was doing that as he rounded the curve and saw the Ford. Evidently he tried to move over, but with both vehicles moving toward each other there was not time and distance enough to allow the truck to move back to its side of the road. Nixon however claims that he had gotten over on his side of the road and stopped, anld that when Reynolds applied the brakes on the Ford it skidded into the truck. Even if this be true, Nixon created the emergency, and if the measure Reynolds took to avoid the accident was wrong, he will not (be held to the same careful, deliberate judgment that he would (be under ordinary circumstances.
Defendants contend that even if they are lialble the awards are excessive, especially the award to Reynolds for $64.69 damage to the Ford automobile, and the award for his injuries and the award for $719.50 to the insurance company, 'but we are not impressed with the view that the awards are excessive, in spite of the testimony of B. D. Bailey, salesman for Pearson Motor Co., which company took the damaged Ford in trade on another of the same kind. He testified that the amount necessary to repair it was $498.52, but from his testimony the company was apparently trying to fix it up just enough to get rid of it, which he says Was hard to do because it showed signs of the wreck, and was worth from $150 to $200 less. If $200 be added to the cost of repairs the difference in the award would be only about $20.
The insurance policy of Reynolds contained the usual $50 deductible clause, and he lost at least that sum, and he was awarded only $14.69 more. We have considered the award for his injuries, and conclude' that the award is not excessive. Reynolds sustained rather severe injury to his chest, shoulder and knees as well as the head injury that left a slight scar. The cases cited by the defendants where very small awards were allowed were decided a good many years ago and would hardly be considered adequate today.
Reynolds just as strenuously argues that the award for his injuries should be increased to $7,750. However, we have con- *545 eluded that the various sums awarded are neither excessive nor inadequate.
For the reasons assigned the judgment appealed from is affirmed at the cost of defendants, appellants, in both courts.