110 So.2d 229 (1959)
C. O. DILLON, Individually and as Tutor etc., Plaintiffs-Appellees,
v.
Willie POPE et al., Defendants-Appellants.
No. 4777.
Court of Appeal of Louisiana, First Circuit.
March 23, 1959.
France W. Watts, Jr., Franklinton, for appellants.
Carter, Erwin & Carter, Franklinton, for appellees.
Before ELLIS, LOTTINGER, TATE and FRUGÉ, Judges.
TATE, Judge.
For the reasons set forth in the companion suit of Toney v. Pope, La.App., 110 So. 2d 226, arising out of the same accident, the appellants are held liable for the injuries sustained by the three Dillon children in the accident of October 14, 1956 while riding as passengers in the Toney pickup truck.
Plaintiffs have filed an answer to defendants' appeal, requesting an increase in the damages awarded.
As the injuries sustained by James (age 13) and Delane (age 15) as a result of the accident, we are unable to say from the record before us that the trial court committed manifest error in finding that such injuries, causing only minor loss of time from school, fortunately did not involve prolonged pain or permanent residual and in awarding, respectively, James the sum of five hundred dollars for a sprained ankle and other minor bruises, and Delane the sum of seven hundred fifty dollars for a sprained neck and other minor bruises. Likewise, the award of $853.50 medical expenses incurred on behalf of all three minors and awarded to their father as plaintiff is substantiated by the record and will not be disturbed.
However, the award in the amount of $2,500 made on behalf of Sue Dillon, aged 12 at the time of the accident, *230 appears to be inadequate and should be increased under the principle stated in Crowther v. Fenstermaker, La.App. 1 Cir., 96 So.2d 91 at page 94: "While the award of damages is of necessity somewhat arbitrary, and the discretion of the District Court should not ordinarily be disturbed in such matters, yet we are likewise enjoined that awards should be made so that there is some degree of uniformity in cases involving similar injuries, after taking into account the great variation in circumstances surrounding each injury."
The District Court summarized this child's injuries as follows: "The youngest child, Sue Dillon, received the most serious injuries of any of the children. She had whip lash injuries to her head, and Dr. Neill of Jackson, Mississippi, testified he had seen her on four different occasions, the last being August 31, 1957, and he had examined her very carefully from a neurological standpoint and found there was numbness to pin prick over the distribution of the second cervical nerve on both sides this nerve is, of course, over the back of the head and the top of the head. The evidence shows this child suffered severe headaches for many, many months, and the doctor attributed the injury to this nerve as the cause of her headaches. This child did not go to school for a period of nine months, with the exception of about two weeks. In addition to this, she suffered a fracture of her right wrist at the time of the accident, and while Dr. Neill did not think this child's injuries were of a permanent nature, he was of the opinion it would probably be two years before she completely recovered."
This child suffered severe pain and shock at the time of the accident, was cut on the head and ear so as to require eight or nine stitches (although fortunately such cuts healed without, so far as the record shows, permanent scars). It was necessary to reduce her fracture under general anesthesia, and she wore a cast for about six weeks.
The more serious and prolonged pain and incapacity resulted from the "whiplash injury" sustained, as a result of which she was under the treatment of physicians for more than a year after the accident. As stated in Bartholomaus v. H. G. Hill Stores, La.App., 97 So.2d 82 at page 87, the term "whiplash injury" is "descriptive of the mechanism causing the injury and is not the pathological term. The injury is sustained as a result of a sudden unanticipated flexion and then hyper-extension of the neck. A whiplash injury may result in several types of pathological findings, such as sprain, fracture, dislocation and so forth."
In the present case, the whiplash injury produced such a severe irritation of the second cervical nerve that the little girl suffered over a year from very severe although gradually diminishing headaches, so incapacitating that it was necessary for her to stay home from school and undertake pillow traction four or five times a day. The headaches increased the muscle spasm in the muscles of the neck which increased the irritation to the nerve which resulted in more severe headaches. Sue had returned to school a year after the accident and was still suffering frequently from severe headaches, but the medical prognosis was that the condition would be terminated without residual in approximately one additional year.
Considering the severity and duration of the effects of this whiplash injury, together with the other injuries sustained by this child, we think her pain, suffering, and disability far more comparable to that sustained by the plaintiffs in Bartholomaus v. H. G. Hill Stores, supra cit. (in which $6,000 was awarded for personal injuries mostly resulting from a whiplash injury), and in Baker v. United States Fire Ins. Co., La.App. 1 Cir., 89 So.2d 405 (in which $5,600 was awarded, including $633.31 upon a subrogation claim for compensation and medical expenses) than to that sustained by the plaintiffs sustaining less serious whiplash injuries in the following cases: Simmons v. Pierce, La.App. 1 Cir., 104 So.2d 258 ($3,000); Lampkin v. U. S. F. & G. Co., La.App. 2 Cir., 99 So.2d 147 ($2,500); *231 Brock v. Southern Farm Bureau Cas. Co., La.App. 1 Cir., 94 So.2d 492 ($3,500); Attaya v. Zimmerle, La.App. 1 Cir., 83 So.2d 676 ($2,500). We will therefore increase the award for Sue Dillon's pain, suffering and disability to $5,000.
For the foregoing reasons, the award to plaintiff for and in behalf of his minor child, Sue Dillon, is amended so as to increase it from Two Thousand Five Hundred to Five Thousand Dollars, together with legal interest thereupon from date of judicial demand until paid; and as thus amended, the judgment herein is affirmed in all other respects.
Amended and affirmed.