TATE, Judge.
On September 14, 1956 Mrs. Lottie To-ney received fatal injuries in an accident involving the Chevrolet pickup truck she was driving. Her passengers, the three Dillon children, were also injured. The accident was allegedly caused by the negligent veering into Mrs. Toney’s lane of an oncoming Ford gravel truck.
This suit by Mrs. Toney’s husband and three minor children is for damages sustained through her death. It was consolidated for trial and for appeal with a suit to recover damages on behalf of the Dillon children for their personal injuries resulting from the accident, Dillon v. Pope, La. App., 110 So.2d 229. Appellants in both suits are (a) Willie Pope, the driver of the Ford gravel truck held to have caused the accident, (b) R. J. Pludson, his employer and the owner of the truck, and (c) the Travelers Insurance Company, liability insurer of the truck at the time of the accident.
The accident happened shortly after 7:00 A.M. on the Warnerton-Hackley gravelled highway in Washington Parish. Although it was day light, all vehicles concerned had on either their parking or head-lights because of patches of heavy fog obscuring visibility. The north, lane of the road, upon which Mrs. Toney was proceeding westward, had been graded the day before; the south lane of the road, upon which defendants’ gravel truck was travelling eastward following another (the Laird) gravel truck, was encumbered by scattered piles of gravel about high which had been dumped preparatory to the road crew’s spreading and grading same.
The testimony of the plaintiff’s witnesses, specifically accepted by the trial court, shows that the accident happened in this manner:
Mrs. Toney was approaching a slight curve, driving her Chevrolet truck in her own (the north) lane at a speed of about 30 mph, when she observed the preceding (Laird) gravel truck oncoming and veering into her path. She pulled to her right into a private driveway to avoid being struck and was able to regain the roadway, her vehicle still under control, when the defendants’ (the second) truck suddenly appeared from around the curve or out of a f°g'gy patch. The latter large opposite-bound gravel truck was being driven on Mrs. Toney’s lane, apparently to avoid being slowed by gravel piles in its own lane, at a high rate of speed (over 50 mph) under the circumstances. The gravel-truck driver then apparently applied his brakes, since the truck commenced skidding, the back-end heading directly for Mrs. Toney.
To avoid being struck, Mrs. Toney steered into her right hand or the north ditch, and thus lost control of her vehicle. She ran along the edge of the ditch some sixty feet before she was able to bring the car back into the highway, but then glanced from an automobile on the road back into the ditch on the north side, proceeding downhill along the ditch some one hundred *228 feet until her vehicle overturned, causing the injuries to her and her passengers for which recovery is sought.
Based upon such testimony, the trial court correctly held that the proximate cause of the accident was the gross negligence of the oncoming defendants’ driver in driving onto Mrs. Toney’s traffic lane at a high rate of speed and in her immediate path, creating a sudden emergency and causing her to lose control of her vehicle, and that any mis judgment on her part in attempting to meet this emergency created through defendants’ driver’s negligence did not bar recovery on her behalf. Lanier v. Hartford Acc. & Indem. Co., 228 La. 736, 84 So.2d 173; Brock v. Southern Farm Bureau Cas. Ins. Co., La.App. 1 Cir., 94 So.2d 492; Reynolds v. Wimberley, La.App. 2 Cir., 61 So.2d 542; Smith v. Baker, La.App. 2 Cir., 59 So.2d 714; cf., Rizley v. Cutrer, 232 La. 655, 95 So.2d 139; Allen v. Louisiana Creamery, La.App. 1 Cir., 184 So. 395.
Such cases as those above cited effectively refute defendants’ argument that, even if defendants’ driver forced Mrs. Toney off the road, such negligence by the former has no causal connection with and is not the proximate cause of the injuries; for “the mere fact that other forces have intervened between the defendant’s negligence and the plaintiff’s injury does not absolve the defendant where the injury was the natural and probable consequence of the original wrong and might reasonably have been foreseen,” 65 C.J.S. Negligence § 111. See Green v. State Through Dept. of Institutions, La.App. 1 Cir., 91 So.2d 153. Picou v. J. B. Luke’s Sons, 204 La. 881, 16 So.2d 466, relied upon by appellants, is completely inapposite factually.
By answer to the appeal, plaintiff seeks an increase in the amounts awarded as damages to the spouse and children of Mrs. Toney. Mrs. Toney was thrown from the truck and knocked unconscious, dying three days later but without recovering consciousness.
The evidence shows that at the time of her death she was 52 years of age, had been happily married for 32 years, helped her husband with his dairy farm and school bus route, and was a good mother to her children, only three of whom were minors at the time of her death: Agnes and Angus, 17-year old twins, and Genevieve, 14 years of age. The property damage to Mr. Toney’s truck in the amount of $543.22 is not contested by either party, and the award made for Mrs. Toney’s own pain and suffering until her death in the amount of five hundred dollars to the husband and two hundred fifty dollars to each of the minor children is not seriously questioned, nor is it manifestly excessive or insufficient.
We do agree, however, that the awards of $7,500 to Mr. Toney for the loss of his wife’s care, love, and affection, and of $2,500 to each of the three minors for the loss of their mother’s care, love, and affection are manifestly insufficient in the light of the more recent decisions. Accordingly, the judgment should be amended so as to increase the award to the husband for this item to a total of $10,000, the amount of the demand, and to increase the awards to each of the children to the amount of $7,500 each. Bond v. Spillers, La.App. 2 Cir., 107 So.2d 706; Finn v. National Fire Ins. Co., La.App. 2 Cir., 106 So.2d 815; Fontenot v. National Transfer Co., La.App. 1 Cir., 99 So.2d 795; St. Julian v. State, La.App. 1 Cir., 98 So.2d 284; Duree v. State, La.App. 1 Cir., 96 So.2d 854; Guidry v. Crowther, La.App. 1 Cir., 96 So.2d 71.
For the above and foregoing reasons, the judgment herein will be amended to increase the awards as stated, and will be affirmed as amended in all other respects.
Amended and affirmed.