AYRES, Judge.
This action in tort is predicated on a claim for damages sustained to a fire truck of the City of Mansfield in a collision, occurring about 3:30 p. m., June 29, 1955, with a truck of defendant on Franklin Street while the truck was en route to a fire. As the collision insurer of the truck, plaintiff compensated the City for the damage sustained to the truck and was legally and conventionally subrogated to all rights against the defendant for the loss.
Negligence constituting a proximate cause of the accident is charged to the defendant through the action of his employees in bringing to a stop a house-moving vehicle, loaded with a house, and a following truck, entirely blocking the street, without taking precautions to warn motorists of the danger incident to the obstruction of the street. Negligence on the part of defendant’s driver was denied and negligence was charged to the driver of the fire truck as constituting the sole, proximate cause or, in the alternative, a contributory cause, of the accident, in proceeding at an excessive rate of speed, and in failing to maintain a proper lookout or to keep his vehicle under control.
From a judgment in plaintiff’s favor, as prayed for, defendant prosecutes this appeal.
The defendant complains that the court erred in failing to sustain his aforesaid defenses. The appeal therefore presents only issues of a factual nature.
Franklin Street, where the accident occurred, is hard surfaced with asphalt, 18 feet wide, with narrow shoulders two feet in width, and bordered by ravines or ditches.
The plaintiff paid its assured, the City of Mansfield, the sum of $2,434.63 for the damage sustained by the City to its fire truck as a result of the aforesaid accident.
The defendant is a house mover by trade and was, at the time of the collision, engaged in moving a house along Franklin Street, in the City of Mansfield, when his moving equipment, consisting of two small trucks and a larger truck and trailer combination, upon which the house was loaded, was brought to a stop at or near the foot of a hill, due to the presence of overhead electric power lines. While the procession was thus stopped, awaiting the arrival of employees of the utility company to lift the wires so as to permit passage underneath, a downpour of rain occurred whereupon the employees took refuge in the cabs of their vehicles.
The driver of the small truck which followed in the rear of the principal vehicles was charged with the duty of warning and flagging approaching traffic. Nevertheless, when the rain began to fall, he took cover in the cab of his truck which he had stopped a short distance to the rear of the housemoving equipment.
About 10 minutes following the stoppage of the house-moving procession, the fire truck came into Franklin Street at or near the top of the hill, some 400 to 500 feet distant, turned and proceeded down the street toward the parked vehicles. The driver of the fire truck, proceeding at approximately 25 miles per hour, on observing the housemoving equipment blocking the street, applied his brakes, when about halfway down the hill, and skidded the truck on the wet, slippery surface 190 feet in an effort to stop it short of a collision. Nevertheless, the truck swerved and struck the rear truck, inflicting the damages for which reimbursement of compensation therefor is sought.
The removal of the house was undertaken by the defendant without police escort or assistance.
*170 The evidence is most convincing and leaves no room for any reasonable doubt of the negligence of defendant’s employees. The obstruction and blocking of the street at or near the foot of a hill, unguarded and unprotected, constituted the grossest kind of negligence. Cox v. Louisiana Department of Highways, La.App.2d Cir., 1946, 25 So.2d 824; Taylor v. Fidelity & Casualty Co. of New York, La.App.2d Cir., 1951, 55 So.2d 307; Finn v. National Fire Insurance Co. of Hartford, La.App.2d Cir., 1957, 100 So.2d 284.
The shower of rain aggravated and worsened the situation — the street surface became wet and slippery, a condition which should have been anticipated and foreseen by defendant’s employees — immensely increasing or adding to the danger.
The decisions of all the Appellate Courts of this State are so replete with pronouncements, that the greater the danger the greater the precaution that should be exercised, as to make unnecessary the citation of authority. But, instead of exercising any degree of caution, defendant’s ■ employees, in effect, abandoned the obstruction placed in the street by them and sought shelter in the cabs of their vehicles, left unguarded and unprotected the-obstruction in the street, and permitted the approach of traffic without giving any notice or warning of any kind or character of the exist■ence of the danger.
The conclusion is inescapable that the gross negligence of defendant’s employees in blocking the street at a point where simple observation could have disclosed the danger of such action, without taking any precaution by way of any kind of signal which would have warned approaching traffic of the danger, was unquestionably the proximate cause of the accident.
On the contrary, the record is convincing, of the freedom from fault of the driver of the fire truck. The evidence is that his speed was approximately 25 miles per hour or less, which was neither unlawful nor excessive. Nor does the record disclose any lack of observation on his part. He is shown to have been alert and observant. For instance, taking into consideration the distance traveled during the normal reaction time of three-fourths of a second— 27.5 feet,, the distance skidded to the pickup truck — 190 feet, and the distance between that truck and the house-moving equipment obstructing the highway, estimated by defendant’s witness at 150 feet, after an allowance for a possible 50% inaccuracy or exaggeration in this testimony, the driver of the fire truck observed the obstruction in the street when at least 300 feet away and immediately took action in an effort to avoid an accident. Thus, the physical facts constitute mute evidence of the driver’s alertness and observation.
Moreover, the driver of the fire truck was under no duty to expect or to anticipate that the street was blocked or his passage obstructed. A motorist has the right to assume that a street is safe for travel and free of obstruction. As was said in Reeves v. State, La.App.2d Cir., 1955, 80 So.2d 206, 210,
“The general rule is also well established and recognized in the jurisprudence of this state that a motorist using a public highway has a right to presume and to act upon the presumption that the highway is safe for the usual and ordinary traffic, either in daytime or at night, and that he is not required to anticipate extraordinary danger, impediments or obstructions to which his attention has not been directed.”
See, also, Snodgrass v. Centanni, 229 La. 915, 87 So.2d 127; Vowell v. Manufacturers Casualty-Insurance Co., 229 La. 798, 86 So.2d 909; Kirk v. United Gas Public Service Co., 185 La. 580, 170 So. 1; Jacobs v. Jacobs, 141 La. 272, 74 So. 992, L.R.A. 1917F, 253; Dowden v. State, La.App.2d Cir., 1955, 81 So.2d 48; Taylor v. Fidelity & Casualty Co. of New York, supra; Cox v. Louisiana Department of Highways, supra; Blashfield’s Cyclopedia of Automobile Law and Practice, Vol. 5A, § 3320, pp. 387-391.
*171 Nor can it be said, under the facts and circumstances of this case, that plaintiff’s driver, because of his efforts, in an emergency not of his own creation, to avoid an accident, lost or failed to maintain control of his vehicle when he collided with a vehicle of the defendant stopped in his lane of travel.
We find, from the record, no evidence warranting a conclusion that the driver of the fire truck was guilty of any negligence constituting either a proximate or a contributing cause of the accident.
Defendant points up the fact that the driver of the fire truck, Billy English, was not called as a witness on behalf of plaintiff. From this, it is urged that it be assumed his testimony would have been unfavorable to plaintiff. Soon after the occurrence of this accident, English left his employment with the City, and we are impressed by the record that, at the time of the trial, his whereabouts were unknown. Nevertheless, any assumption is insufficient to overcome the positive and convincing testimony contained in the record as to the occurrence and cause of the accident. The driver’s assistant, who was in the cab of the fire truck at the time of the accident, was called as a witness. His testimony is corroborated by the physical facts as well as other evidence appearing in the record.
For the reasons assigned, the judgment should be, and it is hereby, affirmed at defendant-appellant’s cost.
Affirmed.