BOLIN, Judge.
Plaintiff received personal injuries when the car he was driving struck a large, *404 portable air compressor, owned by Arkansas-Louis'iana Gas Company and insured by the other defendant. Defendants denied negligence on the part of the gas company and alternatively interposed a plea of contributory negligence against plaintiff. From judgment in plaintiff’s favor for $13,698.10, plus interest and costs, defendants appealed and plaintiff answered the appeal asking for an increase in the award.
The trial judge very ably disposed of the issues of this case in his written reasons for judgment. As we are in complete accord with his findings, we shall not burden this opinion with a detailed outline of the pleadings and testimony. Since the litigants are entitled to written reasons for this court’s decree, we simply refer them to the lower court’s opinion.
There were two basic factual questions presented for decision in the district court: (1) whose negligence caused the accident and (2) quantum. On the first question the trier of facts concluded the gas company was negligent in leaving a large, dull-colored, unlighted, portable air compressor parked at night partially within the traveled portion of a street and that plaintiff was not contributorily negligent in striking it with his car. Additional factors prompting the court to excuse plaintiff’s failure to see the object were the misting rain, mud on the street, and other conditions surrounding the locale. In deciding this point the court cited, commented and relied on the following cases: Kirk v. United Gas Public Service Co., 185 La. 580, 170 So. 1 (1936); Jacobs v. Jacobs, 141 La. 272, 74 So. 992, L.R.A.1917F, 253 (1917); Gaiennie v. Cooperative Produce Co., 196 La. 417, 199 So. 377 (1940); Dodge v. Bituminous Casualty Corp., 214 La. 1031, 39 So.2d 720 (1940); Vowell v. Manufacturers Casualty Insurance Co., 229 La. 798, 86 So.2d 909 (1956); Robards v. American Automobile Insurance Co., (La.App. 1 Cir.1961) 128 So.2d 44; Cox v. Louisiana Department of Highways, (La.App. 2 Cir.1946) 25 So.2d 824; Taylor v. Fidelity and Casualty Company of New York, (La.App. 2 Cir.1951) 55 So.2d 307; Finn v. National Fire Insurance Co., of Hartford, (La.App. 2 Cir.1957) 100 So.2d 284; U. S. Fidelity and Guaranty Co. v. Powell, (La.App. 2 Cir.1961) 131 So.2d 168.
Mr. Wollerson suffered a severe injury to the lower portion of his spine necessitating major surgery and producing some possible residual permanent disability. For his injuries he was awarded $10,000 and the remaining $3,698.10 was for special damages. Ample written reasons, clearly supported by the evidence, were assigned to justify this award. The fixing of such awards is wholly within the discretion of the trial court and as this record fails to show any abuse of discretion, we neither increase nor decrease the award.
The judgment appealed from is affirmed at appellants’ costs.
Affirmed.