TATE, Judge.
This is a tort suit. The plaintiff wife was riding as a passenger in a pickup truck, when it was involved in a collision with a Chevrolet sedan. The plaintiff, joined by her husband, sues the minor driver of the Chevrolet and his father to recover for her personal injuries and the resulting medical expenses.
The plaintiffs appeal from judgment dismissing their suit. Primarily factual issues are involved. The central question is whether any negligence on the part of the defendant driver contributed to the accident in which the fault-free plaintiff passenger was injured while riding in the other vehicle involved.
The two vehicles, approaching from opposite directions, collided with one another on a curve in a narrow dirt road in a rural area. It was a clear morning, but the drivers could not see one another until 25-40 feet distant because of thick foliage on the sides of the road around the curve. Both vehicles were approaching at a speed of about 20 mph.
The dirt roadway was so narrow (12-14 feet) that there was very little clearance for vehicles approaching from opposite directions, even if each were in its own proper lane. The question at issue is whether either or both vehicles were travelling so as to encroach on the other’s side.
Opposing versions of the accident were given. The driver and the three passengers in the plaintiff’s pickup truck testified that their vehicle was on its proper side of the road, but the defendants’ Chevrolet was rounding the curve in the middle of the road and encroaching onto the other (the truck’s) lane. On the other hand, the defendant driver of the Chevrolet and his passenger testified that the Chevrolet was on its correct side of the road as it went around the inside of the curve, but that the plaintiff’s pickup truck was in the center of the roadway as it rounded the outside of the curve.
The preponderance of the evidence shows that, after the accident, the pickup truck in which the plaintiff was riding was stopped with sufficient clearance between it and a ditch to its right, as to indicate that, at the time of the impact, the truck (which stopped immediately) was encroaching onto the defendant driver’s lane.
The trial court accepted the testimony to this effect of the defendant driver, his passenger, and two relatives who came up immediately after the accident. Certain admissions by the plaintiff’s driver corroborated the statements of the defendant’s wit *13 nesses that, prior to the impact, the pickup truck in which the plaintiff was a passenger was in the center of the road instead of in its own lane of the curve. On the other hand, it was uncontradicted that, following the impact, the defendants’ Chevrolet was definitely on its right side of the road.
The investigating police officer felt that the brake skid marks of the defendants’ Chevrolet showed that, from a position travelling correctly in its own lane, it had skidded slightly into the plaintiff’s lane after its brakes were applied. However, as the trial court noted, the police officer had made no measurements at the time to determine the center of the roadway, and he was testifying at the trial from no independent recollection of the facts found by him following the accident.
We find no manifest error in the trial court’s factual determination that the plaintiffs had not proved, by a preponderance of the evidence, that any negligent intrusion of the defendants’ Chevrolet into the other lane of traffic contributed to the accident, which determination was based upon the testimony of the witnesses deemed credible by the court and upon the physical location of the vehicles following the accident.
Under the trial court’s appreciation of the evidence, the sole proximate cause of the accident thus was the negligent intrusion of the plaintiff’s driver into the defendant driver’s lane of travel. The defendant driver was not negligent for failing to anticipate that an oncoming vehicle would be negligently approaching in the center of the roadway and encroaching into the defendant driver’s lane of travel.
We therefore affirm the trial court’s dismissal of the plaintiffs’ suit. The costs of this appeal are to be paid by the plaintiffs-appellants.
Affirmed.