CULPEPPER, Judge.
Phis is a suit for damages arising out of an automobile collision. From an adverse judgment on the merits defendant and his insurer appeal.
The accident occurred at about 8:30 p. m. on January 21, 1963 on U. S. Highway 71 a few miles south of Bunkie, Louisiana. At this location the highway is straight, runs north and south, contains two traffic lanes and is paved with asphalt 24 feet in width. There is an 8 foot shoulder on the east side, and a 10 foot shoulder on the west side, with deep drainage ditches on both sides.
The plaintiff, Mr. Leon Dunbar, was alone, driving a pickup truck in a southerly direction. Defendant, Mr. Kerlin Sutton, accompanied by his wife, his two children and his mother-in-law, was driving in a northerly direction. The testimony is very much in conflict as to how the accident happened. Mr. Dunbar contends he was in his proper lane and as the Sutton vehicle approached from the opposite direction it veered to its right onto the shoulder; then it suddenly cut back to the left, spinning *38 counter-clockwise into Dunbar’s lane of traffic. Dunbar says he applied his brakes and stayed in his lane. At the last instant he tried to cut to the right but was unable to avoid striking the Sutton vehicle which was across Dunbar’s lane and facing southwest at the moment of impact. The front of the Dunbar truck struck the right rear fender and door of the Sutton car. After the impact the Dunbar vehicle came to rest in its own lane of traffic near the center line of the highway. The Sutton automobile came to rest across the Dunbar lane of traffic and facing in a slightly southwest direction, with its front wheels very near the west edge of the pavement.
On the other hand, Mr. Sutton and his passengers testified that as they approached the scene of the accident they sighted what appeared to be two lights in their lane of traffic and first thought it was a barricade. Sutton contends he reduced his speed from 55 MPH to about 45 MPH and then saw the two lights were on a vehicle approaching in its wrong lane; when he realized a head-on collision was imminent he cut to the left; his car went into a counter-clockwise spin and almost immediately the impact occurred. Sutton and all of the passengers testified that the last time they saw the Dunbar vehicle it was still bearing down upon them in the wrong lane of traffic, but they lost sight of it after their car started spinning. Sutton says he didn’t cut right onto the 8 foot shoulder for fear of the ditch on that side.
The first issue is whether the point of impact was in Dunbar’s lane of traffic. The district judge decided this crucial issue in Dunbar’s favor. In a well considered written opinion our brother below pointed out that the state trooper who investigated the accident placed the center of the point of impact about 4 feet west of the center line of the highway. The trooper based this opinion on the location of the vehicles after the crash and glass and debris found at the scene. Also, the driver of the wrecker which removed the vehicles testified that he found the Dunbar vehicle in its own lane near the center line and the Sutton vehicle a few feet in front, facing west and blocking the southbound lane. Furthermore, the trial judge noted that a photograph of the damage to the Sutton vehicle shows the body metal was pushed in more on the rear of the fender, which indicated that the Sutton vehicle was skidding “almost backward” when it was struck by the front bumper of the Dunbar truck.
Based on these physical facts and on his appraisal of the testimony of the various witnesses, the trial judge decided that the point of impact occurred on Dunbar’s side of the highway. The district judge then cited the well established jurisprudence that a driver who, on the wrong side of the road, collides with another vehicle which is in its proper lane, has the burden of excusing or justifying his presence in the wrong lane and explaining how the accident happened without his negligence. Rizley v. Cutrer and Allstate Ins. Co., 232 La. 655, 95 So.2d 139; Duhon v. Harkins, La.App., 152 So.2d 85; West v. American Ins. Co., La.App., 155 So.2d 261. Blashfield, Cyclopedia of Automobile Law & Practice, Vol. 9c, Section 6113. The trial judge concluded that Mr. Sutton had not exculpated himself from the prima facie case of negligence established by his being on the wrong side of the highway at the time of the collision. We are unable to find error on the part of the trial judge, particularly in view of the well established jurisprudence that a determination of which set of opposing witnesses is testifying truly is primarily for the trier of fact, whose determinations in this regard will not be disturbed upon review except in case of manifest error. See Thomas v. Mobley, 118 So.2d 476 (1st Cir.App.1960) and the many cases cited therein.
Defendant’s principal argument on appeal is based on the physical facts that the Sutton automobile is 17.4 feet in length and the southbound lane of traffic is only 12 feet in width. Defendant contends that *39 since the front wheels of the Sutton vehicle did not leave the west edge of the pavement, the rear 4 or 5 feet of this automobile must have been extending over into the northbound traffic lane where it was struck by Dunbar. The photograph filed in evidence shows the damage to the Sutton vehicle starts about lYz feet from the rear and extends forward to about the middle of the right rear door of this 4-door sedan. Defendant also lays great stress on Dunbar’s testimony that at the last minute he cut to the right. They say this is impossible to reconcile with the physical facts except to find that Dunbar was on the wrong side of the road and, at the last minute, tried to cut back and struck the Sutton vehicle in about the center of the highway, after which impact both vehicles continued westward from their own momentum in that direction and came to rest in the southbound lane of traffic.
As able counsel for Mr. Dunbar has pointed out, defendant’s argument overlooks the fact that although the Sutton automobile is 17.4 feet long, it is almost 3 feet from the center of the front wheel to the front of the automobile, (this distance being estimated from the photograph in evidence). Thus, the front wheel could have been on the west edge of the pavement and, with the vehicle angled in a southwesterly direction as the evidence shows it was at the time of the impact, the rear of the Sutton automobile would have been very near the center line of the highway and the Dunbar truck within its own lane at the time of the impact. As the trial judge noted, the nature of the damage to the body metal of the Sutton car substantiates this version of the accident. Furthermore, as counsel for plaintiff points out, it can be logically argued that if, as defendant contends, Dunbar cut sharply to his right at the last instant and struck the Sutton car cutting to its left, then very likely the combined westward momentum of the two vehicles would have carried them into the ditch on the west side of the highway. Actually, Dunbar must have turned only very slightly to his right, if at all, before the impact. It is our conclusion that these physical facts as to the length of the Sutton car and the width of the lane of traffic do not necessarily negative the finding of fact by the trial judge.
There is no dispute as to quantum. The record fully supports the trial judge’s award to Mr. Dunbar of $1,500 for personal injuries, $611 damages to his truck and $106.29 for medical expenses.
For the reasons assigned, the judgment appealed is affirmed. All costs of this appeal are assessed against the defendants appellants.
Affirmed.