BOLIN, Judge.
Mrs. Virginia K. Freeman appeals from judgment rejecting her demands for damages for personal injuries received by her and her two minor children who were accompanying her in a car which collided with a tractor-trailer unit owned by H. J. Cathey, driven by Thomas O. Carney, and insured by Continental Casualty Company. For reasons dictated into the transcript of testimony the trial judge found the accident was caused solely by the negligence of Mrs. Freeman in operating her vehicle on the wrong side of the highway.
The accident occurred on a two-lane blacktopped highway in Caddo Parish about 3:30 o’clock in the afternoon while the weather was clear and the road surface dry. Mrs. Freeman was driving her automobile in an easterly direction and the truck, which was used for transporting milk, was being driven in a westerly direction.
The only eyewitnesses were the two drivers. Plaintiff testified that while she was driving her car at a normal rate of speed on her own side of the road the trailer of the truck crossed into her lane of traffic resulting in the collision. She contended the truck driver was operating his vehicle at an excessive rate of speed, was not keeping a proper lookout and further, that the trailer brakes were inoperative. She stated she pulled her car over on her side of the road and did everything possible to avoid the accident.
Mr. Carney, the truck driver, testified he was traveling at a reasonable rate of speed in his proper lane of traffic when he saw the plaintiff’s car approaching him in the center of the road; that he *113 slowed his vehicle and observed plaintiff return to her lane; that she suddenly pulled her car hack into his lane of travel; that he maneuvered his truck off the road onto the north shoulder; that at the moment of the impact the right wheels of both the tractor and trailer were on the westbound shoulder of the highway; that the left front fender of the car struck the left rear portion of the cab of the tractor; that after the impact the truck went into the ditch on the north side of the highway and turned over on its left side. He further testified the brakes on the truck-trailer unit were in good operating condition and he accounted for some fifteen effective stops during the day.
Plaintiff presented a number of other witnesses who lived in the vicinity of the scene of the accident but none who saw the collision. They testified as to hearing the truck change gears prior to the impact and made observations after the accident from which they conjectured as to how the accident happened.
Defendant called as witnesses a state trooper and a deputy sheriff who arrived soon after the accident and made a detailed investigation and report. The gist of their findings and conclusion was that the collision occurred almost in the center of the westbound lane of travel.
The testimony of the eyewitnesses is in irreconcilable conflict but defendant’s version is corroborated by the two investigating officers.
Louisiana Revised Statute 32:72 provides that drivers of vehicles proceeding in opposite directions shall pass each other to the right, and upon roadways having width for not more than one line of traffic in either direction, each driver shall give to the other at least one-half of the main traveled portion of the roadway as nearly as possible.
Cases interpreting the cited statute have established the rule that the driver of the vehicle determined to be in the wrong lane of travel is presumed to be negligent, and he has the burden of showing the collision was not caused by his negligence, or that there were justifiable circumstances excusing his conduct. This rule is well recognized in our jurisprudence. Jones v. Continental Casualty Co. of Chicago, Ill., 246 La. 921, 169 So.2d 50 (1964) and numerous cases cited therein. We do not find plaintiff has met this burden of proof.
The judgment appealed from is affirmed at appellant’s cost.
Affirmed.