AYRES, Judge.
This is an action in tort wherein plaintiff seeks to recover for damages to his person, as well as to his property, resulting from a motor vehicle collision. Involved were plaintiff’s GMC truck, to which were attached a tractor and a disc, and an Oldsmobile owned by Robert Davis but allegedly driven by a companion, Hattie Mae Flowers. The defendant is the insurer of the Davis automobile. Defendant reconvened and seeks reimbursement of a payment made under the collision provisions of its policy for damages sustained to Davis’ automobile, defendant being subro-gated to the claim.
The amount of damages sustained by plaintiff was the subject of a stipulation between the parties, payment, however, being dependent upon the proper determination of the question of liability.
Finding that Davis was at fault in the occurrence of the accident and that plaintiff was free of negligence, the trial court awarded plaintiff damages of $1,500.00 for personal injuries and $18.50 for medical expenses. Defendant’s reconventional demands were rejected. From the judgment thus rendered and signed, defendant prosecutes this appeal.
The issue presented for resolution relates entirely to the question of liability. This is a purely factual matter. The accident occurred as the vehicles of plaintiff and defendant met on the crest of a hill at about 6 o’clock in the evening on April 10, 1965. The roadway upon which these vehicles were traveling, surfaced with native gravel, was approximately 16 to 20 feet wide and was therefore of a sufficient width to easily permit the meeting and passing of vehicular traffic. The extent of the grade of the road as it traversed the hill was not shown, but, from the record, we are impressed that it was at least moderately steep. Located about 40 to 50 feet from the road on the north side, at the top of the hill, was the residence of Mr. and Mrs. J. C. Anderson.
Plaintiff, with his truck and equipment, was proceeding in a westerly direction; Davis and his companion, in the opposite direction. When they met at the top of the hill, it is contended on behalf of each of the drivers that the other driver was in the middle of the road and was therefore occupying a portion of the traffic lane which should have been reserved for opposing traffic. Kirkham and Mr. and Mrs. Anderson, who witnessed the accident, testified that Kirkham was on his side of the road and that the Davis car was partially across the center line. John C. Lamkin, a resident of the vicinity who had gone to the scene of the accident soon after its occurrence, also *632 testified that the impact of the collision was on plaintiff’s side of the road.
The testimony of Hattie Mae Flowers and of H. A. Thomas, a state highway patrolman, was offered on behalf of the defendant. Robert Davis had died previous to the trial without his testimony having been taken. From Thomas’ investigation, he reasoned that Kirkham must have been driving at least partially on the wrong side of the road. The fact upon which he relied for this conclusion was the discovery of what he supposed were Davis’ car tracks on that side of the road. The trooper testified he followed these to the point of collision. In this regard, it may be noted, however, that it was almost dark at the time the trooper arrived at the scene, and, moreover, the road was dry and other traffic was shown to have passed the scene between the time of the accident and the officer’s arrival there approximately one hour later.
Hattie Mae Flowers testified that Davis was the driver of the car in which she was a guest, that his speed was approximately 40 m. p. h., and that the accident occurred on their side of the road. The court concluded, however, from the testimony of plaintiff, Lamkin, and Mr. and Mrs. Anderson, that Hattie Mae Flowers was the driver of the Davis car. tier testimony, as well as that of the trooper, with reference to the position of the vehicles prior to and at the time of the accident, was discounted by the trial court.
In reviewing the record, we find no basis for concluding there was manifest error in the findings of fact made by the trial court to the effect that the accident was caused by the fault of the driver of the Davis vehicle and that plaintiff was free from contributory negligence.
No point is made as to the applicable law. It appears appropriate to observe, however, that upon all roadways of sufficient width a vehicle shall be driven upon the right-hand half of the roadway except under exceptional circumstances, none of which are shown to exist here (LSA-R.S. 32:71) ; moreover, drivers of vehicles proceeding in opposite directions shall pass each other to the right; and, upon roadways having a width for not more than one line of traffic in each direction, each driver shall yield to the other at least one-half of the main travel portion of the roadway (LSA-R.S. 32:72).
In line with these statutory provisions, the jurisprudence is well settled that where a collision occurs between two motor vehicles in one of two traffic lanes there is a presumption that the driver of the vehicle determined to have been in the wrong lane was negligent, and that he has the burden of establishing that the collision was not caused by his negligence or that there were justifiable circumstances excusing his conduct. Noland v. Liberty Mutual Insurance Company, 232 La. 569, 94 So.2d 671 (1957); Carhee v. Scott (La.App.) 104 So.2d 236 (2d Cir. 1958); Fullilove v. U. S. Casualty Company of New York (La.App.) 129 So.2d 816 (2d Cir. 1961—certiorari denied); Bryant v. Johnson (La.App.) 140 So.2d 758 (2d Cir. 1962); Brown v. Head (La.App.) 158 So.2d 442 (2d Cir. 1963); Holder v. Travelers Insurance Company (La.App.) 159 So.2d 292 (2d Cir. 1963).
No basis was established for concluding that the collision was not caused by the negligence of the driver of the Davis vehicle, and no circumstances were shown to excuse this conduct. Hence, defendant has failed to overcome this presumption and to establish its driver’s freedom from fault.
The judgment appealed is accordingly affirmed at defendant-appellant’s costs.
Affirmed.