YARRUT, Judge.
This suit arises out of an accident involving three vehicles. Plaintiff, Doris F. Wilson, was a guest passenger in an automobile which was traveling north toward Baton Rouge on Jefferson Highway when it was hit head-on in its lane of traffic by a *344 pickup track driven by Defendant, Joseph P. Adams, who was traveling- in the opposite or southerly direction toward New Orleans. The Adams track also collided with an automobile driven by Eusebio Gongora entering Jefferson Highway from Farrar Street, a side street which intersects the highway, but it is not clear from the record just how this collision occurred.
Mrs. Wilson and her husband, William B. Wilson, filed suit against Adams, Gon-gora and Gongora’s employer, Fidel Falcon. Only Adams was served. Plaintiff entered a default judgment against Adams on January 14, 1966, and confirmed it on February 3, 1966, in the amount of $5,750.00. Reference hereinafter to Plaintiff will be to Doris Wilson alone, and reference to Defendant, to Adams alone. The vehicle in which Doris Wilson was traveling will be referred to as the Plaintiff’s vehicle.
Plaintiff charged Gongora with failing to bring his vehicle to a stop before proceeding from a side road (Farrar Street); failing to yield the right-of-way; failing to keep his vehicle under proper control; and failing to keep a proper lookout. She charged Defendant with failure to keep a proper lookout; failure to keep his vehicle under control at all times; failure to yield the right-of-way to a vehicle which had preempted the intersection; and failure to exercise the last clear chance to avoid the accident.
Defendant has taken this appeal contending: (1) Plaintiff is bound by her pleadings, especially that which alleged Gongora failed to stop at the intersection; (2) Plaintiff did not establish a prima facie case.
With regard to the first contention, even taking as true the allegation that Gon-gora did not stop at the intersection, it does not preclude the possibility that Defendant was also negligent, in view of Plaintiff’s specific acts of negligence charged against Defendant, cited supra.
 Regarding the second contention, it is true that Plaintiff must establish a prima facie case in confirming a defaults LSA-C.C.P. art. 1702. However, in this-case it is undisputed that Defendant was on the wrong side of the road when he collided with Plaintiff’s vehicle, which was traveling in its proper lane. This fact establishes a prima facie case of negligence which shifts the burden of proof to Defendant to prove his freedom from negligence by explaining exactly how the accident happened. Freeman v. Continental Casualty Co., 180 So.2d 112; Jackson v. Indiana Lumbermen’s Mutual Insurance Co., La.App., 175 So.2d 349; Cutrer v. Travelers Indemnity Co., La.App., 170 So.2d 693;. Dunbar v. Sutton, La.App., 166 So.2d 37;. Motors Ins. Corp. v. Marquette Casualty Co., La.App., 162 So.2d 47, cert. denied, 246-La. 79, 163 So.2d 357.
In this case, the judgment was obtained' by default, because the Defendant neither answered nor testified. Further, the testimony of the witnesses who did appear, did not establish that Defendant was free of negligence. At the confirmation of default, the investigating officer, who arrived, on the scene after the accident occurred, testified that the left front of the Defendant’s vehicle struck the left front of the Plaintiff’s vehicle on the Plaintiff’s vehicle’s side of the road; that, in his opinion, the Gon-gora car had come out of Farrar Street, hit the right front of the pickup truck “apparently” causing it to cross the center line and hit the Plaintiff’s vehicle.
The host driver testified she saw Defendant’s truck veering into her lane; that he did not make an attempt to slow up or stop, even while she was pulling further over to the shoulder of the road; and that, although she was traveling between 30 and 35 miles per hour (the speed limit being 35 miles), in her opinion the Defendant vehicle must have been going faster than she was. This testimony was corroborated by Plaintiff. The host driver also testified she thought, but did not know, that the Defendant was trying to avoid a car coming out of a side street.
*345 The testimony of the police officer ■to the effect that the Defendant vehicle was knocked into the wrong lane is merely -an uncorroborated opinion, as he did not observe the collision and there is, in fact, no eye-witness testimony to the collision between the Defendant vehicle and the Gon-.gora vehicle. Moreover, the host driver’s testimony that Defendant may have been trying to avoid a car entering the intersection, especially when taken with her other testimony, is not sufficient to prove Defend-ant’s freedom from negligence. Therefore the presumption of negligence on Defend-ant’s part has not been rebutted and the Plaintiff has established a prima facie case.
Quantum is not an issue on appeal, the ■only issue being that of liability.
For the above reasons, the judgment is ■affirmed, defendant to pay all costs in Iboth courts.
Judgment affirmed.