SAVOY, Judge.
This suit is one in tort arising out of an accident involving an automobile being driven by Glenn Girouard, in which the plaintiff’s daughter, Donna Moreau, was riding as a guest passenger, and a low-boy tractor-trailer combination being driven by John V. Morris, Sr., an employee of J. H. Rose Truck Lines, which low-boy combination was insured by Transport Insurance Company. Plaintiff sued to recover for the medical expenses incurred by his daughter, as well as for her personal injuries sustained in the collision.
The pertinent facts in the case as reflected by the record reveal that the accident occurred at approximately 10:00 p. m. on February 1, 1966, on the old U. S. Highway 90 between Lafayette and New Iberia, in Lafayette Parish, where the maximum legal speed limit was 60 miles per hour. Glenn Girouard was proceeding in an easterly direction at a rate well within the legal speed limit and after entering a curve, he was confronted with the low-boy combination in the process of executing a U-turn, with the rear portion blocking almost the entire east-bound lane of travel. Girouard tried to take evasive action, but to no avail, as the left front of his automobile collided with the left rear of the low-boy, with the resulting injuries to Miss Moreau consisting of a two inch laceration of her forehead along with other resulting injuries.
As a result of the collision, plaintiff instituted suit against the driver of the truck, John V. Morris, Sr., his employer, J. H. Rose Truck Lines, and their insurer, Transport Insurance Company, which parties in turn instituted a third-party action against New Hampshire Insurance Company (hereinafter referred to as New Hampshire), the insurer of the vehicle owned by A. J. Girouard and driven by his son, Glenn Girouard.
On the day before the trial by jury was to begin, New Hampshire filed a motion for summary judgment, which motion was overruled by the trial judge as being filed too late.
The jury rendered a verdict in favor of the plaintiff individually for medical expenses in the amount of $692.61, and as administrator of the estate of his minor daughter, Donna Moreau, in the amount of $12,500.00. The jury further found in favor of the third-party plaintiffs (the original defendants) against the third-party defendant, New Hampshire.
On March 8, 1967, the original plaintiff, Wilfred J. Moreau, received payment of the judgment from the original defendants, and is thus not before us on appeal. New Hampshire appealed.
Third-party defendant contends on appeal that the trial court erred in overruling its motion for summary judgment, that the jury erred in finding its insured, Glenn Girouard, guilty of negligence, and that the sole proximate cause of the accident was the negligence of John V. Morris, Sr., in making a U-turn on the highway without first ascertaining whether the maneuver could be safely made. In the alternative, New Hampshire contends that if the ruling of the trial court and jury was correct as to the liability of its assured, then the jury erred in awarding $12,500.00 damages for the injuries sustained by Donna Mor-eau.
Third-party plaintiffs, on the other hand, contend that the finding of fact and the award made by the jury were proper and fully supported by the record, and that the judgment of the trial court and jury should be affirmed.
*729 The general rule is that a person must travel on the highway at such a rate of speed that he may stop within the range of his vision. However, an exception is recognized when the object on the highway is difficult to see or is not reasonably to be anticipated. Myers v. American Chain & Cable Company, (La. App., 1 Cir., 1959), 109 So.2d 270; Suire v. Winters, 233 La. 585, 97 So.2d 404; and Vowell v. Manufacturers Casualty Insurance Company, 229 La. 798, 86 So.2d 909.
It can hardly be contended that the lowboy tractor-trailer combination involved in the accident is not in the classification of an unusually shaped object which would be hard to perceive while traveling on a highway at night. This Court, in Coleman v. Argonaut Insurance Company, (La.App., 3 Cir., 1966), 187 So.2d 495, writ refused, 249 La. 714, 190 So.2d 233, was faced with the same type low-boy combination as in the instant case. We stated that “the type of construction of the lowboy trailer here involved, falls within the classification the courts of this state have established as being of such a peculiar and unusual nature as to remove it from the usual category of vehicles which could and should be easily observed by drivers on the streets and highways of this state.”
In the case of Finn v. National Fire Insurance Co. of Hartford, (La.App., 2 Cir., 1958), 106 So.2d 815, plaintiff sued to recover for damages when her husband was killed while driving a vehicle that hit a low-boy tractor trailer completely blocking the road. The court, quoting from Taylor v. Fidelity and Casualty Company of New York, (La.App., 2 Cir., 1951), 55 So.2d 307, held the decedent was not guilty of contributory negligence, saying, “a motorist has the right to assume that his proper lane of traffic will be clear and unobstructed * * The plaintiff in the Taylor case, supra, was driving his vehicle at a speed of fifty to fifty-five miles per hour when he saw a tractor-trailer unit substantially blocking the road at a point 160 feet away, and was unable to avoid a collision. In our present case, Glenn Girouard was driving at a reasonable speed with his lights dimmed and was unable to perceive the low-boy unit until he was a distance of some fifty to eighty feet from the vehicle. Obviously, he was faced with an emergency not of his own making, and he reacted as any reasonable person would have under the circumstances.
Another principle of law firmly embedded in our jurisprudence was recently reiterated by this Court in the recent case of Pittman v. Fowler, (La.App., 3 Cir., 1966), 191 So.2d 172, wherein the Court, quoting from Laughlin v. Allstate Insurance Company, (La.App., 3 Cir., 1964), 169 So.2d 396, stated: “The trial judge was well apprised of our law that the driver of an automobile involved in a collision in the wrong lane of traffic is presumed to have been negligent and bears the burden of establishing that he was without fault or that there were circumstances that justified his conduct.” See also Kirkham v. Travelers Insurance Company, (La.App., 2 Cir., 1966), 192 So.2d 630; and Wilson v. Adams, (La.App., 4 Cir., 1967), 194 So.2d 343.
Applying the foregoing law to the facts of this case, we have concluded that the jury was manifestly erroneous in finding Glenn Girouard guilty of negligence. An evaluation of the testimony in the record shows that Girouard did not see the unusually shaped low-boy until it was too late to evade the collision. There is nothing in the record to show that Girou-ard was driving in a negligent manner, and to the contrary, the testimony elicited at the trial shows he was obeying all the rules of the road and was trying to prevent the people working on the truck from being blinded, if, in fact, anyone was working on the truck.
Although the driver of the low-boy testified that his headlights were facing *730 the direction in which Girouard was traveling, it seems unlikely to us that the headlights of the low-boy would have been shining in the direction from which the Girouard vehicle was traveling all the time during the execution of the U-turn. Morris, the driver of the low-boy, had been driving for over twelve hours and had covered more than 320 miles. Needless to say, his reflexes and judgment, as well as his version of the accident, could have easily been divergent from those of the plaintiff’s daughter and Glenn Girouard. Also, it is strange that he would execute one of the most dangerous maneuvers of the road, i. e., a U-turn, on a curve on the highway in view of the fact that there were other and safer places to execute the turn.
Since we have concluded that the third-party defendant’s insured, Glenn Girouard, was not negligent, it is not necessary to remark on the motion for summary judgment which was overruled by the trial court as being filed too late. We also find it unnecessary to comment on the quantum of damages awarded since it was an alternative plea of the third-party defendant, only to be considered if its insured was found negligent.
For the written reasons assigned, the verdict of the jury and the judgment of the district court in favor of the third-party plaintiffs and against the third-party defendants are reversed and set aside, and judgment is hereby rendered in favor of the third-party defendant, New Hampshire Insurance Company, and against the third-party plaintiffs, John V. Morris, Sr., J. H. Rose Truck Lines and their insurer, Transport Insurance Company. The third-party plaintiffs are cast for all costs of court.
Reversed in part and rendered.