GLADNEY, Judge.
Reuben Stewart and his wife Vivian G. Stewart brought this action in tort against the defendants William G. Bixler and his liability insurer Houston Fire & Casualty Insurance Company. The damages complained of were occasioned by an automobile collision and after trial judgment was ren *654 dered rejecting plaintiffs’ demands. From this judgment an appeal was lodged in this court.
Shipp’s Lane is a secondary gravel road near Wisner in Franklin Parish. The accident occurred on this highway where there is a sharp crescent curve. At the time of the accident on the afternoon of June 2, 1966 Mrs. Stewart was driving her Rambler automobile in a general northeast direction and was meeting a- Chrysler driven by William G. Bixler. Admittedly, at the place of impact the road was of sufficient width for safe passage, 22 feet from ditch to ditch. The outside lane of the curve was the proper lane of travel for Mrs. Stewart and Bixler was proceeding in the inside lane. The testimony of investigating officers, Deputy Cureington and State Trooper Colvin who shortly after the collision observed the positions of the cars, indicate both cars were at rest each in its proper lane.
Only two motorists witnessed the collision.
Mrs. Stewart testified that she rounded the curve at no more than fifteen miles per hour and remained close to her side of the road — the outside of the curve — the entire time. When almost around the curve she saw Bixler’s car bearing down and it struck her car behind the left front wheel, smashing in the fender and left front door post. She also testified that as soon as the cars were motionless Bixler backed his car away into his lane.
Bixler testified he reduced his speed under 25 miles per hour as he entered the curve and drove to the extreme right side of his lane. When he observed the Stewart car approaching it appeared to be crossing from his inside lane to the outside lane. He said the left front fender of the Chrysler struck the left fender and side of the Stewart automobile; that the left bumper of the Chrysler was so imbedded in its tire that the wheel of the Bixler vehicle could not be moved from the point of impact. Deputy Cureington and Trooper Colvin testified it was impossible for the Chrysler to have been moved from the point of impact until its fender, which was imbedded in the left front tire, was released. John Davis and William G. Bixler, Jr. were summoned by Mr. Bixler to cut away the parts of the Chrysler automobile in order to restore its mobility.
We find the Bixler automobile was in its proper lane of travel at the moment of impact. This fact has imposed upon plaintiffs a presumption of fault. A well recognized rule is that where a collision occurs between two motor vehicles in one of two traffic lanes there is a presumption that the driver of the vehicle determined to have been in the wrong lane was negligent; and he has the burden of establishing that the collision was not caused by his negligence or that there was justifiable circumstances excusing his conduct. Kirkham v. Travelers Insurance Company, La.App., 192 So.2d 630 (2nd Cir. 1966) and those cases cited as authority therein. See also Holden v. Speights, La. App., 166 So.2d 11 (3rd Cir. 1964).
Plaintiffs tendered in evidence a document styled Release on a form supplied by the Department of Public Safety. It was signed by the defendant Bixler and certified that he had released Mrs. Vivian G. Stewart “from all claims and causes of action of the undersigned arising from the above described accident and authorizes the Department of Public Safety to accept this certification as satisfactory evidence of such release from liability as required by the Safety Responsibility Law.” It is argued that this admission constitutes an admission of liability on the part of Bixler. Also Mack Stewart, a son of plaintiffs’ testified that Mr. Bixler told -him the accident was his fault. Bixler denied having so stated and explained that Mrs. Stewart, who had no liability insurance on her car, requested that he execute the release so she could keep her driver’s license and *655 registration privileges inasmuch as she needed her transportation to earn her living. Bixler testified that after consulting his local insurance agent and in order that Mrs. Stewart would not forfeit her driver’s license he executed the release. The execution of the document does not constitute an admission of fault.
The evidence in our opinion preponderates in favor of Bixler and shows him to have been free from fault. As a consequence of our finding it is unnecessary to consider the other questions raised herein. The issue of liability was correctly decided by the trial court and we find no reversible error.
The judgment appealed is affirmed at appellants’ cost.