CHASEZ, Judge.
This is an action for property damage arising out of an automobile collision between a vehicle owned and operated by plaintiff, John B. Graves, and insured by the plaintiff, United Service Automobile Association, hereinafter referred to as USAA, and a vehicle owned and driven by the defendant, Herbert Sullen. Plaintiff Graves and USAA, as his subrogee, brought suit to recover the sum of $529.15, the alleged amount of damage to the Graves’ vehicle. Of this amount Graves’ claim is for $100.00, the deductible portion of his collision insurance, and -USAA’s claim is for the balance, $429.15.
Defendant' answered plaintiff’s petition with a general denial and a reconventional demand for $338.30, $238.30 of which represents the alleged damage to Sullen’s automobile and the remaining $100.00 for his alleged personal injuries.
After trial on the merits judgment was rendered dismissing plaintiff’s claim, as well as the reconventional demand of the defendant. Plaintiffs have taken this appeal and the defendant has answered it.
There is a wide divergence between Graves’ and Sullen’s versions of the accident. Graves stated he was in the process of leaving the Huntlee Village Shopping Center parking area on the Gen. Meyer Ave. by means of an exit drive, and had partially completed a right hand turn onto Gen. Meyer when his vehicle was struck on the right rear side by the defendant’s car, which had been proceeding down Gen. Meyer from the direction toward which the plaintiff was turning.
At that point Gen. Meyer Avenue is a wide, four-lane thoroughfare, divided by a yellow median line. Plaintiff testified that defendant’s vehicle had drifted across this median stripe and the two opposing traffic lanes and was actually driving on the wrong side of the highway, against traffic, when the accident occurred. Plaintiff stated that before he began his turn he glanced to his right and saw an oncoming vehicle but the vehicle was in its proper lane of traffic on the other side of the me *851 dian line. He then looked to his left and saw no oncoming traffic so he proceeded to make his turn. Graves’ wife was a passenger in her husband’s vehicle and her testimony concerning the accident closely corresponds to his.
The defendant on the other hand testified that he was proceeding on Gen. Meyer Ave. and had reached the intersection of that thoroughfare and Huntlee Drive when the Graves vehicle pulled suddenly from behind a “Stop” sign on Huntlee Drive and attempted to cross Gen. Meyer directly across his path. He stated he swerved to his left to avoid the plaintiff’s vehicle but was unsuccessful in doing so and the accident ensued. The only fact on which both drivers agree is that it was raining very heavily at the time the accident took place.
The exit drive from the Huntlee Village Shopping Center and Huntlee Drive itself parallel one another but are approximately 25 yards apart. They are separated at their respective points of intersection with Gen. Meyer by a Royal Castle Hamburger Shop. Proceeding from the direction the defendant was travelling, Gen. Meyer is intersected first by the exit drive from the shopping center, then by Huntlee Drive.
Patrolman Clifford Burham of the New Orleans Police Department investigated the accident. He testified at the trial below that he found both vehicles on the same side of Gen. Meyer closest to the shopping center when he arrived on the scene. He fixed the point of collision from debris on the roadway to be about ten feet to the right of the shopping center exit drive on Gen. Meyer, in the right-hand traffic lane. The Sullen vehicle was still facing against traffic, but some sixty feet from the debris, in front of the Royal Castle Hamburger Shop. The vehicle had not reached the intersection of Huntlee Drive and Gen. Meyer.
The rear end on the Graves vehicle had been knocked by the impact across the median stripe on Gen. Meyer so that it partially protruded into the oncoming traffic lane.
Under cross-examination by defendant’s counsel, the officer stated that the defendant was ticketed for proceeding against traffic, but the charge was dropped for it was reasoned that it had been raining so hard that it was possible for a driver to be driving in the wrong lane without realizing it.
The trial judge recognized the hopeless conflict between the plaintiff’s and the defendant’s versions of the accident. However he did find specific acts of negligence on the part of both drivers and dismissed their demands. In doing so, however, we are of the opinion that he failed to properly consider the statements of Patrolman Burham whose testimony we find corroborates plaintiff Graves’ version of the accident.
Burham’s investigation left little doubt that defendant Sullen had crossed the median line and was proceeding against traffic when the accident occurred. Thus his negligence in this situation is presumed. Moreau v. Transport Insurance Company, 203 So.2d 727, La.App. 3 Cir. 1967, Writ Denied, 251 La. 686, 205 So.2d 605, and numerous cases therein cited.
The plaintiff on the other hand was in his proper lane of traffic at the moment of the collision. The exit drive from which he was proceeding was controlled by a “Yield” sign and, as noted previously, he stated he glanced to his right and saw the way was clear, then looked to his left to check oncoming traffic and seeing none, began his turn. He stated that when he glanced to his right he did note a vehicle proceeding in his direction, but it was at that time in its proper lane of traffic, on the opposite side of the median line. Apparently from the time he looked to his right until he looked to his left, then *852 began his turn, this oncoming vehicle had drifted across the median into his lane of travel. We are of the opinion that the plaintiff was not negligent in failing to consider that this vehicle would take the course it eventually did. In fact, it is well settled that a motorist may assume that another motorist will obey the law and stay on his side of the roadway.
Under these facts we can find no contributory negligence on the part of plaintiff Graves which would bar his recovery, and we hold that the trial judge was in error in dismissing plaintiff’s demands.
The amount of the property damages claimed by the plaintiffs is not in dispute. Plaintiffs submitted an estimate by an independent appraiser, who also testified to verify his estimate, wherein the damages were assessed at $529.15. This estimate was accepted by the agency which did the repair work as a fair and reasonable figure. The plaintiffs also submitted a receipt whereby Graves acknowledged receiving $429.15 from his insurer, USAA, making his loss only $100.00. There was no objection made by the defendant to the presentation of either of the above documents.
For the reasons hereinabove stated, the judgment of the trial court is reversed; and it is now ordered, adjudged and decreed that there be judgment in favor of plaintiff, John B. Graves, against the defendant, Herbert Sullen, in the sum of $100.00, plus legal interest thereon from date of judicial demand until paid and all costs; it is further ordered, adjudged and decreed that there be judgment in favor of plaintiff, United Services Automobile Association, as the subrogee of the plaintiff, John B. Graves, against the defendant, Herbert Sullen, in the sum of $429.15, plus legal interest thereon from date of judicial demand until paid and all costs. The appellant is to pay all costs of this appeal.
Reversed and rendered.