GARSAUD, Judge.
This lawsuit arose out of an automobile collision involving a vehicle driven by plaintiff Wayne Deroche, a vehicle driven by Dennis 0. Cuquet, Jr., and a third vehicle driven by a Mr. Farmer. Dennis 0. Cuquet, Jr. was a minor and was killed in the accident; his father, Dennis O. Cuquet, Sr., was made a defendant. Mr. Farmer made no appearance and is not involved in this lawsuit.
Originally plaintiffs Deroche and Norris Eschete (the latter suing individually and on behalf of his minor daughter Michelle, who was a passenger in Deroche’s car) filed suit against Dennis Cuquet, Sr. and XYZ Insurance Company. When they discovered that the Cuquet vehicle was uninsured, plaintiffs amended their petition to join as defendants Admiralty Insurance Company (Eschete’s uninsured motorist carrier) and St. Paul Fire & Marine Insurance Company (Deroche’s uninsured motorist carrier). Admiralty Insurance Company immediately paid its policy limits to plaintiffs and took no further part in the lawsuit. St. Paul Fire & Marine, however, denied liability, and filed a third party demand against Cu-quet for indemnification. On the eve of trial, St. Paul settled with plaintiffs for $28,000, $19,000 of which was stipulated to be for Deroche and $9,000 to be for Eschete. Third party plaintiff St. Paul Fire & Marine then proceeded against Cuquet on its third party demand. The parties stipulated that $28,000 would be the correct award if liability were found.
After a trial on the merits, there was judgment on the third party demand in *1339 favor of third party defendant Dennis 0. Cuquet, Sr., dismissing the claim of third party plaintiff St. Paul Fire & Marine Insurance Company at its cost. Third party plaintiff St. Paul Fire & Marine appeals.
The factual picture surrounding the accident is very sketchy. Almost all that is positively known is that the Deroche vehicle was traveling west on U.S. Highway 90 toward Houma, Louisiana, when the accident occurred at approximately 11:40 p. m. on July 31, 1976, near Avondale, Louisiana. Neither Deroche nor Eschete saw anything prior to impact, so their testimony was of little help in establishing the facts. Michael Glaub, a passenger in the Cuquet vehicle, testified that he was asleep at the time of the accident and, therefore, that he knew nothing about the accident except that Dennis Cuquet, Jr., who was killed in the accident, was driving the car when they left Houma for New Orleans. There was no evidence to show that the Cuquet vehicle was in fact traveling toward New Orleans at the time of the collision. Mr. Farmer, the driver of the third vehicle, did not testify, and there is nothing in the record to indicate whether his testimony would have been helpful.
Deroche’s testimony was that he was driving at about 40 miles per hour, with no one in front of his car. Immediately béfore the accident, he glanced in the rear-view mirror and saw a car about three to four car lengths back (which apparently was the Farmer vehicle). He then looked down at the speedometer, looked up, and was hit. He does not remember speaking to anyone about the accident afterwards, except to ask whether an ambulance was on the way.
Also testifying was the investigating police officer, State Trooper Gary Wise, who arrived on the scene shortly after the accident. He was accepted as an expert in the field of accident investigation, but the Court refused to qualify him as an expert in accident reconstruction. Thus, his testimony was limited to what he saw; none of his conclusions as to how the accident occurred Trooper Wise testified as were admitted, follows:
(1) All three vehicles were on the westbound side of the wide median of this four-lane highway;
(2) The Deroche vehicle was off on the shoulder facing west [the direction in which it had been moving prior to impact], with no indication whether it had turned around;
(3) The Cuquet vehicle was located in the right-hand lane of the west-bound side of the highway, facing east, with no indication whether it had turned around;
(4) The third vehicle, a pickup truck, was partially off the road, on the shoulder of the west-bound side of the highway;
(5) There were tire marks on the grassy median strip, indicating that an eastbound car had crossed the median there;
(6) There were no gouge marks from the vehicle in the right lane of U.S. 90 westbound from the spot which was concluded to be the point of impact;
(7) There was no debris found in the west-bound lanes of traffic; and
(8) There were no other indications to show in which direction any of these vehicles were traveling, except for the directions in which they were facing after the accident.
The only real issue presented in this case, both at the trial level and on appeal, is whether plaintiffs have sustained their burden of proof to show that the accident was caused by the negligence of Dennis O. Cu-quet, Jr. In its Reasons for Judgment, the trial court found that plaintiffs had failed to carry their burden of proof:
“The only evidence produced against the defendant was circumstantial. Circumstantial evidence suffices in negligence actions only if it excludes other reasonable hypotheses with a fair amount of certainty so that it is more probable than not that the harm was caused by the tortious conduct of the defendant. Townsend v. State Department of Highway, 322 So.2d 139 (La.1975). This Court *1340 is of the opinion that the evidence adduced does not exclude other reasonably hypotheses with any amount of certainty whatsoever. The number of other reasonable hypotheses are almost innumerable. The evidence adduced tends to show the mechanics of the accident, i. e., how it occurred, but there was no evidence which tended to show what caused the accident.”
Plaintiff’s position depends heavily on the line of cases in which our Louisiana courts have held that where a car is found to have been in the wrong lane of traffic at impact, there is created a legal presumption of negligence on the part of the party whose car was in the wrong lane, which shifts the burden to that party to prove freedom from negligence. Mistich v. Matthaei, 277 So.2d 239 (La.App. 4th Cir. 1973); Wilson v. Adams, 194 So.2d 343 (La.App. 4th Cir. 1967), writs denied, 250 La. 470, 196 So.2d 534; Pittman v. Fowler, 191 So.2d 172 (La.App. 3rd Cir. 1966). While this principle is well-established, it is inapplicable here, because plaintiffs produced no evidence to corroborate the speculative conclusion, based on the position of the vehicles when viewed by Trooper Wise, that the defendant’s car was in the wrong lane at the time of the impact. Both plaintiffs testified that they saw nothing in front of them before impact and plaintiff Deroche testified that the major portion of damage to his vehicle was on the right side. We know only that Cuquet’s car was in the west-bound lane when Officer Wise arrived on the scene.
We have only mere speculation surrounding this accident. Under these circumstances, even though we may have decided the case differently on trial, it was not manifest error for the trial court to dismiss third party plaintiff’s claim.
Accordingly, we affirm the decision of the trial court. Canter v. Koehring Co., 283 So.2d 716 (La.1973).

AFFIRMED.